■ SHEILA WYLE, Respondent, v. JOSEPH WALLEN et al., Appellants. OAKHILL CONTRACTING CO., INC., Respondent, and CAB TRANSPORTATION CORP., Defendant.— Judgment, Supreme Court, New York County, entered on January 24, 1973, in favor of the plaintiff in the amount of $85,000, unanimously modified, on the law and on the facts, to the extent of reducing the verdict to $60,000, and otherwise affirmed, without costs and without disbursements. Order, Supreme Court, New York County, entered on March 20, 1973, denying a motion to vacate a default and set aside the inquest, unanimously affirmed, without costs and without disbursements. This matter was assigned a date certain for trial in an IC Part. Counsel for appellant was made aware of this trial date well in advance. Nonetheless he was not personally available to try the case on that date, nor did he arrange for substitute counsel to be available. Since the Trial Justice had assigned the date peremptorily, the direction that an inquest be taken was a proper exercise of discretion (cf. Wine Antiques v. St. Paul Fire & Mar. Ins. Co., 40 A D 8d 657). We find no error in the conclusions reached by the court upon the inquest other than the extent of the damages assessed and the award is reduced accordingly. The subsequent motion of the defendant to vacate the default judgment was properly denied. Both a valid excuse for default and a sufficient showing of a meritorious defense must be presented before a default may be vacated (Ad Press v. Environmental Enterprises, 41 A D 2d 636; Mingis v. Daitch Crystal Dairies, 32 A D 2d 746). Failure of the defendant to meet these criteria warranted denial of the motion. Concur — Markewich, J. P., Nunez, Kupferman, Lane and Capozzoli, JJ.